# 14-1759-cv

## United States Court of Appeals

*for the*

## Second Circuit

JANE ROE, individually and on the behalf of all others similarly situated,
JANE DOE, individually and on the behalf of all others similarly situated,

*Plaintiffs-Appellants,*

— v. —

EMPIRE BLUE CROSS BLUE SHIELD, ST. JOSEPH'S MEDICAL CENTER,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## EMPIRE BLUE CROSS BLUE SHIELD

MICHAEL J. TUTEUR
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, Massachusetts 02199
(617) 342-4000

ROBERT A. SCHER
DOUGLAS S. HEFFER
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

*Attorneys for Defendant-Appellee Empire Blue Cross Blue Shield*

## CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO RULE 26.1 OF THE
## <u>FEDERAL RULES OF APPELLATE PROCEDURE</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant/Appellee Empire Blue Cross Blue Shield states that WellPoint Inc. is its ultimate parent company.  WellPoint, Inc. is a publicly-traded corporation and no company owns 10 percent or more of WellPoint Inc.'s stock.

## **Table of Contents**

COUNTER-JURISDICTIONAL STATEMENT .......................................................1

COUNTER-STATEMENT OF ISSUES PRESENTED FOR
    REVIEW ...........................................................................................................1

COUNTER-STATEMENT OF THE CASE ..........................................................2

STATEMENT OF RELEVANT FACTS ...............................................................2

SUMMARY OF THE ARGUMENT ....................................................................3

ARGUMENT ........................................................................................................5

  I.     STANDARD OF REVIEW ...............................................................5

  II.    THE DISTRICT COURT PROPERLY DETERMINED
       THAT APPELLANTS CANNOT SUSTAIN ANY
       LEGITIMATE CLAIM UNDER ERISA § 510 ......................................6

       A. The Allegations Of The Complaint Place Appellants'
          Claim Firmly Outside The Reach Of Section 510's
          Protections .................................................................................7

       B. Appellants Cannot Revive Their Section 510 Claim By
          Relying On Incomplete And Misleading Excerpts Of
          Case Law, Or By Retroactively Inserting New
          Allegations Into Their Complaint ..........................................12

  III.   THE DISTRICT COURT CORRECTLY HELD THAT
       APPELLANTS FAILED TO STATE A CLAIM AGAINST
       EMPIRE FOR BREACH OF FIDUCIARY DUTY UNDER
       ERISA...............................................................................................14

       A. Empire Played No Role In The Plan Design.........................15

       B. The Plan Is Lawful In Any Event........................................16

       C. Because The Plan Is Lawful, Empire Was Requred Under
          ERISA To Adhere To Its Terms ...........................................17

IV.    THERE IS NO VIABLE GROUND FOR A
       PRELIMINARY INJUNCTION AGAINST EMPIRE ...........................20

CONCLUSION ....................................................................................21

CERTIFICATE OF COMPLIANCE....................................................22

# Table of Authorities

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).........................................................................5, 6

*In re Beacon Assocs. Litig.*,
 745 F. Supp. 2d 386 (S.D.N.Y. 2010) .............................................17

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................5

*Blake v. Bank of New York*,
 No. 90 Civ. 4202, 1992 U.S. Dist. LEXIS 10877 (S.D.N.Y. July
 23, 1992) ...........................................................................................10

*Blessing v. J.P. Morgan Chase & Co.*,
 394 F. Supp. 2d 569 (S.D.N.Y. 2005) .............................................11

*Boyce-Idlett v. Verizon Corporate Servs. Corp.*,
 No. 06 Civ. 975, 2007 U.S. Dist. LEXIS 64819 (S.D.N.Y. Aug. 30,
 2007) ...................................................................................................9

*Cement & Concrete Workers Dist. Council Pension Fund v. Ulico
 Cas. Co.*,
 387 F. Supp. 2d 175 (E.D.N.Y. 2005) .............................................17

*Cioinigel v. Deutsche Bank Ams. Holding Corp.*,
 No. 12 Civ. 434, 2013 U.S. Dist. LEXIS 4689 (S.D.N.Y. Jan. 10,
 2013) ...................................................................................................9

*Curtiss-Wright Corp. v. Schoonejongen*,
 514 U.S. 73 (1995)..........................................................8, 14, 16, 18

*Deeming v. Am. Standard, Inc.*,
 905 F.2d 1124 (7th Cir. 1990) ..........................................................11

*Degrooth v. Gen. Dynamics Corp.*,
 837 F. Supp. 485 (D. Conn. 1993).....................................................11

*Dister v. The Cont'l Group, Inc.*,
   859 F.2d 1108 (2d Cir. 1988) ...................................................................11, 12

*Edwards v. Akzo Nobel, Inc.*,
   103 F. Supp. 2d 214 (W.D.N.Y. 2000) ....................................................9

*Egelhoff v. Egelhoff*,
   532 U.S. 141 (2001) .............................................................................19

*Ello v. Singh*,
   531 F. Supp. 2d 552 (S.D.N.Y. 2007) ....................................................7

*Haight v. NYU Langone Med. Ctr.*,
   2014 U.S. Dist. LEXIS 88117 (S.D.N.Y. June 27, 2014) ....................12

*Ingersoll-Rand Co. v. McClendon*,
   498 U.S. 133 (U.S. 1990) ......................................................................8

*Keir v. Unumprovident Corp.*,
   No. 02 Civ. 8781, 2010 U.S. Dist. LEXIS 95560 (S.D.N.Y. Sept.
   14, 2010) ..............................................................................................10

*Lockheed Corp. v. Spink*,
   517 U.S. 882 (1996).................................................................8, 14, 16

*Maguire v. Level Sights, Inc..*,
   2004 U.S. Dist. LEXIS 13566 (S.D.N.Y. July 19, 2004)....................11

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)..............................................................................12

*McGann v. H & H Music Co.*,
   946 F.2d 401 (5th Cir. 1991) ...............................................................14

*Metropolitan Life Ins. Co. v. Massachusetts*,
   471 U.S. 724 (1985)..............................................................................16

*Montesano v. Xerox Corp.*,
   256 F.3d 86 (2d Cir. 2001) ..............................................................7, 11

*Montesano v. Xerox Corp. Ret. Income Guar. Plan*,
  117 F. Supp. 2d 147 (D. Conn. 2000).................................................................7

*Owens v. Storehouse, Inc.*,
  984 F.2d 394 (11th Cir. 1993) ...........................................................................14

*Pelosi v. Schwab Capital Mkts., L.P.*,
  462 F. Supp. 2d 503 (S.D.N.Y. 2006) ...............................................................10

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*,
  7 F.3d 1091 (2d Cir. 1993) ...............................................................................5

*Shaw v. Delta Airlines*,
  463 U.S. 85 (1983)...........................................................................................16

*Suozzo v. Bergreen*,
  No. 01 Civ. 7258, 2002 U.S. Dist. LEXIS 11726 (S.D.N.Y. June
  25, 2002) ..........................................................................................................10

*Swanson v. U.A. Local 13 Pension Plan*,
  779 F. Supp. 690 (W.D.N.Y. 1991)...................................................................10

*Tirone v. New York Stock Exch., Inc.*,
  2006 U.S. Dist. LEXIS 69591 (Sept. 28, 2006) .........................................11, 14

*United States v. Windsor*,
  570 U.S. 12 (2013)............................................................................................17

*Wharton v. Duke Realty, LLP*,
  467 F. Supp. 2d 381 (S.D.N.Y. 2006) ...............................................................7

**Statutes**

29 U.S.C. § 1002......................................................................................................8

29 U.S.C. § 1104(a)(1)...........................................................................................17

29 U.S.C. § 1140.................................................................................................6, 7

29 U.S.C. §1144(a) ................................................................................................19

ERISA § 3(7) ...........................................................................................................8

ERISA § 404 ...................................................................................................1, 3, 4

ERISA § 404(a) .................................................................................... 17

ERISA § 409 .................................................................................. 1, 3, 4

ERISA § 502(a)(1) ............................................................................... 10

ERISA § 503 ........................................................................................ 15

ERISA § 510 .......................................... 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14

New York's Marriage Equality Act, N.Y. DOM. REL. LAW § 10a(1)
    (2011) ....................................................................................... 13, 18

**Other Authorities**

FRAP 32(a)(7)(B) ................................................................................. 22

FRAP 32(a)(7)(C) ................................................................................. 22

## <u>COUNTER-JURISDICTIONAL STATEMENT</u>

Empire does not contest Appellants' Jurisdictional Statement.

## <u>COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

1.   Whether the District Court correctly granted Empire's motion to dismiss for failure to state a cause of action for unlawful conduct under ERISA § 510, because Appellants are seeking benefit rights that are outside the purview of § 510, Empire has administered the plan according to its terms, and § 510 does not apply to the facts and circumstances alleged in the Complaint.

2.   Whether the District Court correctly granted Empire's motion to dismiss for failure to state a claim for breach of fiduciary duty under ERISA §§ 404 and 409, because Empire played no role in designing the benefits plan (and plan design is a not a fiduciary function in any event), and because Empire adhered to the terms of a lawful plan as it was required to under ERISA.

3.   Whether the District Court was correct in holding that Appellants' motion for a preliminary injunction was moot because the Plan does not violate ERISA.

## COUNTERSTATEMENT OF THE CASE

Empire does not contest Appellants' Statement of the Case.

## STATEMENT OF RELEVANT FACTS

Empire is a health benefits company that provides insurance coverage and/or administrative services to health plans, including employer-sponsored plans governed by ERISA.  Appellant Jane Roe is an employee of St. Vincent's Westchester (a division of St. Joseph's), a Catholic, not-for-profit healthcare facility in Westchester County, New York.  *See* JA 11, ¶ 7.[1]  Appellant Jane Doe is Jane Roe's legally-recognized same-sex spouse under New York law.  JA 12, ¶ 8.

Appellant Roe is a participant in St. Joseph's self-funded ERISA medical benefits plan (the "Plan").  JA 11, ¶ 7.  The Plan contains a specific provision excluding same-sex partners and spouses from coverage (the "Plan Exclusion") SSA 17.  During the open enrollment period for calendar year 2012, Appellant Roe made a request to St. Joseph's that Appellant Doe be added as a dependent to her medical benefits coverage under the Plan.  JA 15, ¶ 21.  Appellant Roe was notified verbally and in writing by St. Joseph's that her request to add Appellant Doe had been denied by St. Joseph's because the Plan, which provides coverage

---

[1] References to the Joint Appendix are cited herein as "JA __."  References to paragraph numbers in the Amended Complaint (as part of the Joint Appendix) are cited as "JA __, ¶ __."  References to Empire's Supplemental Appendix are cited herein as "ESA __" and references to St. Joseph's Supplemental Appendix are cited herein as "SSA__."

for opposite-sex spouses, expressly excludes same-sex spouses as eligible dependents.  JA 15-16, ¶¶ 22-23.  Empire, at St. Joseph's request, confirmed the eligibility denial by way of letter to Appellant Roe.  JA 16, ¶ 25.

## SUMMARY OF THE ARGUMENT

Empire submits this brief in opposition to the appeal filed by Appellants Roe and Doe, whereby they ask this Court to overturn the Decision and Order issued on May 1, 2014 by District Court Judge Nelson S. Roman of the United States District Court for the Southern District of New York (the "Order"), dismissing Appellants' Complaint for failure to state a claim, and deeming Appellants' motion for injunctive relief moot.  Although laws on same-sex marriage are shifting throughout the country, there are long-established rules embodied in ERISA that govern the circumstances at issue here, and dictate the outcome of this case – rules that apply regardless of whether states have revised their laws on how marriage should be defined.  The District Court properly applied those rules and reached the correct result; no matter how Appellants now characterize their pleading on appeal, the allegations in the Complaint simply do not amount to any cognizable claim under ERISA §§ 404, 409, or 510.

Appellants' Section 510 claim suffers from several fatal flaws.  First, it is well-settled that Section 510 only protects rights to which plaintiffs already are entitled (or will become entitled) under existing plan terms, and the terms here

specifically exclude Appellant Doe from coverage. Moreover, Empire simply administered the Plan according to its terms as it is required to do, which defeats a cause of action under Section 510. Finally, the purpose of Section 510 is to defend the *employment status* of beneficiaries, in order to keep employers from taking adverse actions that would prevent employees from receiving benefits to which they otherwise would be entitled according to Plan terms. Accordingly, courts in the Second Circuit have held that a Section 510 claim should be dismissed unless a plaintiff properly alleges that he or she was subject to an adverse employment action by the defendant. There is no allegation in the Complaint relating to Appellant Roe's employment status; thus, the Section 510 claim properly was dismissed.

As to the breach of fiduciary duty claim under ERISA Sections 404 and 409, Appellants' Complaint properly was dismissed by the District Court because Appellants do not (and cannot) allege that Empire played any role in the complained-of conduct – that is, the creation of the Plan's exclusionary clause for same-sex spouses. Rather, it is and was St. Joseph's responsibility to make all determinations of eligibility, and Empire's responsibility to administer those determinations as embodied by the Plan terms. Indeed, it was Empire's specific fiduciary obligation to enforce the terms as written, so long as they are consistent with ERISA – which is precisely what Empire did here.

Since the District Court correctly dismissed Appellants' claims, it also was correct in deeming Appellants' motion for a preliminary injunction moot. But even if it had considered the merits of that motion, the Court could not have granted a preliminary injunction as to Empire, because Empire cannot provide the relief Appellants seek: an amendment to the Plan's terms.

For all the reasons set forth herein, and in St. Joseph's brief – which Empire hereby adopts and incorporates by reference – this Court should affirm the Order.

## ARGUMENT

### I.    STANDARD OF REVIEW

It is well-established that an appellate court must conduct a *de novo* review of a district court's decision on a motion to dismiss and "employ[] the same tests as those applied at the district court." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] Under this standard, a plaintiff must plead "factual content that allows the court to

---

[2] Appellants rely on a series of outdated cases in arguing for a more lenient standard of review than is required. It was once the rule that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief; however, that standard has since been replaced by the more stringent standards set forth in *Twombly* and *Iqbal*.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Moreover, in meeting the "plausibility standard," a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678  (internal quotations and citations omitted).  Put another way, the pleading must be factually substantive: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## II.  THE DISTRICT COURT PROPERLY DETERMINED THAT APPELLANTS CANNOT SUSTAIN ANY LEGITIMATE CLAIM UNDER ERISA § 510

Appellants seek to reinstate their claim under Section 510, 29 U.S.C. § 1140, by mischaracterizing (or altogether ignoring) applicable principles of law, and by effectively asking this Court to do the same.  The reason for Appellants' approach is clear: the purpose and reach of Section 510 are wholly inapplicable to the grievances described in the Complaint.  Indeed, the District Court recognized as much when it examined the parameters of ERISA § 510 and concluded that Appellants stated no viable claim under that Section.

## A.    The Allegations Of The Complaint Place Appellants' Claim Firmly Outside The Reach Of Section 510's Protections

The first limitation in the reach of Section 510 is in the plain language of the statute itself, which provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising *any right to which he is entitled under the provisions of an employee benefit plan, [or] this subchapter* . . . or for the purpose of interfering with the attainment of *any right to which such participant may become entitled under the plan, [or] this subchapter* . . .

29 U.S.C. § 1140 (emphases added).    In other words, the "rights" protected by the statute fall into two specific categories: rights conferred by a benefits plan, and rights conferred by ERISA itself.    *Ello v. Singh*, 531 F. Supp. 2d 552, 570 (S.D.N.Y. 2007) ("Only rights referenced in Section 510, typically plan benefits, are protected"); *Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381 (S.D.N.Y. 2006) (dismissing with prejudice plaintiff's claims under § 510; noting that "Section 510, by its terms, only protects rights conferred by an ERISA plan or by the statute itself"); *Montesano v. Xerox Corp. Ret. Income Guar. Plan*, 117 F. Supp. 2d 147 (D. Conn. 2000), *aff'd in relevant part, vacated in part on other grounds, remanded* at 256 F.3d 86 (2d Cir. 2001) (granting defendant's motion for judgment on the pleadings on claim asserted under Section 510, because plaintiffs were not "eligible under the Plans' express terms to receive benefits."); *see also*

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143 (U.S. 1990) ("Congress viewed [Section 510] as a crucial part of ERISA because, without it, employers would be able to circumvent the provision *of promised benefits*." (emphasis added) (citing S. Rep. No. 93-127, pp. 35-36 (1973); H. R. Rep. No. 93-533, p. 17 (1973))).

Here, the relief sought by Appellants falls easily outside the reach of § 510. It is evident on the face of the Complaint that Appellants are not seeking to protect benefits to which they currently are entitled under the terms of the Plan.[3]  Indeed, the very essence of Appellants' claim is that they are *excluded* from coverage under the terms of the Plan.[4]  JA 11, ¶ 4 ("St. Joseph's and BCBS maintained a

---

[3] Appellants allege that Plaintiff Doe is "a proper 'beneficiary' of the Plan within the meaning of ERISA § 3(7)."  JA 12, ¶ 8.  However, ERISA § 3(7) defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002.  Because same-sex spouses specifically are excluded from coverage by the Plan, Plaintiff Doe is not a person "who is or may become entitled to a benefit" under the terms thereof.

[4] To the extent Appellants take issue with those terms, they cannot do so via a cause of action under Section 510.  As the District Court noted, "ERISA has long been held to be a regulator of plans, not a dictator of plan terms."  JA 31; *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) ("[E]mployers or other plan sponsors are generally free under ERISA, for any reason, at any time, to adopt, modify, or terminate welfare plans.") citing *Curtiss-Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78 (1995)).  As to Section 510 in particular, it has "consistently been excluded from application to alleged discriminatory plan terms, especially by courts in this Circuit.  The 'discrimination' proscribed by that section was not intended to conflict with the strong policy under ERISA that has long been held to allow plans to provide benefits under terms as it sees fit."  JA 32.

provision of the Plan excluding same-sex spouses from eligible dependents of Plan participants."). Thus, Appellants' own pleading places them firmly outside the protective reach of § 510, mandating dismissal.

There also can be no liability under § 510 where a defendant has administered a benefits plan according to its terms, thereby specifically providing those rights to which beneficiaries are entitled. *Cioinigel v. Deutsche Bank Ams. Holding Corp.*, No. 12 Civ. 434, 2013 U.S. Dist. LEXIS 4689, 8-9 (S.D.N.Y. Jan. 10, 2013) (dismissing claim under Section 510 where plaintiff asserted "only that defendants enforced the provisions of the Plan"; reasoning that "[s]urely defendants may enforce the (facially reasonable) terms of [the plan] without being held liable for interfering with the rights provided by that very plan"); *Boyce-Idlett v. Verizon Corporate Servs. Corp.*, No. 06 Civ. 975, 2007 U.S. Dist. LEXIS 64819, 45-46 (S.D.N.Y. Aug. 30, 2007) (disallowing amendment to assert claim under Section 510 where plaintiff "was denied coverage under the plan for failure to comply with its terms" and continued to "receive fully the benefits to which she is entitled [under the plan]"); *Edwards v. Akzo Nobel, Inc.*, 103 F. Supp. 2d 214, 219 (W.D.N.Y. 2000) (adopting the reasoning that "because the plan must be administered according to its terms, [plaintiff] cannot complain because he is held to those terms; this is true even if the rules were bent for another individual" (quoting *McGath v. Auto-Body N. Shore, Inc.*, 7. F.3d 665, 668 (7th Cir. 1993)).

This rule is directly applicable here, where the crux of Appellants' claim is that Empire enforced the provision of the Plan excluding same-sex couples from benefits coverage.

Moreover, courts have determined that Section 510 applies to a specific set of facts and circumstances that simply are not present here.  Section 510 "is designed to protect the employment relationship that gives rise to an individual's benefit rights, not to create an action for 'wrongfully withheld benefits,' which is covered by [ERISA § 502(a)(1)]."  *Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503, 512 (S.D.N.Y. 2006) (quoting *Blake v. Bank of New York,* No. 90 Civ. 4202, 1992 U.S. Dist. LEXIS 10877, at *3 (S.D.N.Y. July 23, 1992)); *see also Keir v. Unumprovident Corp.*, No. 02 Civ. 8781, 2010 U.S. Dist. LEXIS 95560, at *26 (S.D.N.Y. Sept. 14, 2010) (noting that Section 510 "only proscribes interference with the employment relationship") (quotation omitted); *Swanson v. U.A. Local 13 Pension Plan*, 779 F. Supp. 690, 701 (W.D.N.Y. 1991) (Section 510 "only reaches conduct which fundamentally changes the employer-employee relationship so as to interfere with [rights under the plan].").  Put another way, Section 510 is meant to prevent "unscrupulous employers from discharging or harassing their employees to keep them from obtaining vested pension rights," or to prevent "employers from terminating employees in retaliation for asserting their rights under a plan."  *Suozzo v. Bergreen*, No. 01 Civ. 7258, 2002 U.S. Dist.

LEXIS 11726, at *13-14 (S.D.N.Y. June 25, 2002) (quoting *Dister v. The Cont'l Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988); citing *Montesano v. Xerox Corp.*, 256 F.3d 86, 88-89 (2d Cir. 2001) (per curiam)).   Accordingly, courts have instructed that, to sustain a claim under Section 510, a plaintiff "must allege that defendant took some type of adverse employment action to interfere with the attainment of their benefit rights under the plan," and that "[a] fundamental prerequisite to a § 510 action is an allegation that the employer/employee relationship, and not merely the . . . plan, was changed in some discriminatory or wrongful way." *Tirone v. New York Stock Exch., Inc.*, 2006 U.S. Dist. LEXIS 69591, *9-10 (Sept. 28, 2006) (citing *Maguire v. Level Sights, Inc.*, 2004 U.S. Dist. LEXIS 13566 at 5 (S.D.N.Y. July 19, 2004); *Deeming v. Am. Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990); *Degrooth v. Gen. Dynamics Corp.*, 837 F. Supp. 485, 489 (D. Conn. 1993) (Cabranes, J.); *Blessing v. J.P. Morgan Chase & Co.*, 394 F. Supp. 2d 569, 583 (S.D.N.Y. 2005)).

Here, there is not a single allegation in the Complaint that suggests any discharge, harassment, retaliation, or any other adverse employment event that would allow Appellants to sustain a proper claim under this section.[5]

---

[5] Appellants refer the Court to law from other Circuits, where courts have determined that Section 510 also extends to non-employee beneficiaries and former employees, and therefore must apply in some instances where there is not an adverse employment action.  App. Br. at 19-20.  However, this reference cannot salvage the Complaint, which is devoid of any allegations (1) that Appellant Roe is

**B.    Appellants Cannot Revive Their Section 510 Claim By Relying On Incomplete And Misleading Excerpts Of Case Law, Or By Retroactively Inserting New Allegations Into Their Complaint**

Appellants attempt to shift their characterization of Section 510 to suggest that this Court should sustain such a claim based on nothing more than allegations of discriminatory motives.    Specifically, they resort to improperly placing exclusive emphasis on the requirement that, to proceed on a claim under Section 510, a plaintiff must allege "specific intent to interfere with an employee's benefit rights."  App. Br. at 18-19 (citing *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988)).  While specific intent is "an essential element" of a Section 510 claim, it is by no means sufficient on its own; rather, a plaintiff still must show "that an employer was at least in part motivated by the specific intent *to engage in activity prohibited by § 510*."[6]  *Dister*, 859 F.2d at 1110-11 (determining that the Section 510 claims should be analyzed under the standards set forth in *McDonnell*

---

entitled to benefits under the terms of the Plan (2) that Empire failed to administer the Plan according to its provisions, or (3) that Empire altered the terms of the Plan to preclude Appellant Roe from receiving benefits to which she previously was entitled.

[6] Even if a 510 claim could be sustained based on intent and nothing more, Appellants' allegations of discriminatory motives still would fall short because they are merely conclusory.  *See Haight v. NYU Langone Med. Ctr.*, 2014 U.S. Dist. LEXIS 88117, *42-43 (S.D.N.Y. June 27, 2014) (dismissing claim under Section 510 because the Complaint did not allege sufficient facts to establish motive, but "simply states in a conclusory manner that [defendant] intended to deprive Plaintiff of ERISA protected benefits and alleges that she was fired shortly before the vesting of her pension.").

*Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)).  The requirement of intent, of course, does not negate the universal requirement that a plaintiff allege facts sufficient to show prohibited conduct – which Appellants simply have not done in their Complaint.

Appellants appear aware of that deficiency, and attempt to remedy it here by effectively asking this Court to insert new allegations into the Complaint. Appellants now state that the key issue on appeal is whether Appellees violated Section 510 "by purposefully altering the Plan to exclude same-sex spouses of participants from coverage while continuing to provide coverage for other spouses."  App. Br. at 2.  Yet Appellants acknowledge that "alteration" of the Plan was never included among the allegations in their Complaint: "Although *the Complaint does not allege expressly* that St. Joseph's changed the Plan upon the enactment of the Marriage Equality Act, Appellants did argue this fact in the district court and, in any event, there would have been no reason for St. Joseph's to change the Plan language were it not in direct response to New York legalizing and/or recognizing same-sex marriage and the risk that it may be required to provide benefits for same-sex spouses of Plan participants."  App. Br. at 7 n. 2 (emphasis added).  Even if Appellants had alleged that Appellees had violated Section 510 by altering the Plan, it would not have saved their claim from dismissal as to Empire because Empire did not design the Plan Exclusion and thus

could not be held liable for any discriminatory conduct.[7]   Simply put, the allegations in the Complaint do not amount to a cognizable claim under Section 510, and the District Court properly determined that that cause of action must be dismissed.

### III.   THE DISTRICT COURT CORRECTLY HELD THAT APPELLANTS FAILED TO STATE A CLAIM AGAINST EMPIRE FOR BREACH OF FIDUCIARY DUTY UNDER ERISA

The District Court properly found that Appellants' fiduciary duty claims were precluded by the Court's determination that the Plan does not violate ERISA, and that it therefore could not be a violation of fiduciary duty to carry out the terms of the Plan.  JA 36.  The "independent analysis" urged by Appellants here does not lead to a different conclusion; from any angle, the claim for breach of fiduciary duty fails as a matter of law and properly was dismissed.  Appellants' fiduciary

---

[7] Moreover, it is well-established that "employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."  *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) (*quoting Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)).  Courts have adhered to this rule in the context of Section 510 claims.  *See, e.g.*, *Tirone*, 2006 U.S. Dist. LEXIS 69591 at *11-12 (dismissing Section 510 claim; reasoning that "[w]hile [a reduction that disproportionately affects a certain group of participants] may indeed be arbitrary, [it is] not actionable under § 510, in the absence of further allegations of an employer's specific intent to discriminate against individual employees." (quoting *DeGrooth*, 837 F. Supp. at 489)); *McGann v. H & H Music Co.*, 946 F.2d 401 (5th Cir. 1991), *cert. denied*, 506 U.S. 981 (1992) (dismissing Section 510 claim where employer reduced medical benefits for AIDS-related claims a few months after plaintiff was diagnosed); *Owens v. Storehouse, Inc.*, 984 F.2d 394, 397-98 (11th Cir. 1993).

duty claim falls short in several respects, each of which constitutes an independent ground for dismissal: Empire did not design the complained-of Plan exclusion; the Plan itself is lawful; and because the Plan is lawful, Empire properly complied with its fiduciary obligation to administer the Plan according to its terms.

### A.    Empire Played No Role In The Plan Design

As the District Court correctly noted, the starting point for any ERISA breach of fiduciary duty analysis is whether or not the complained-of actions were taken by a fiduciary in its fiduciary capacity. JA 15 (*citing Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000); 29 U.S.C. § 1002(21)(A)). Here, Empire does not have sufficient authority under the Plan to allow it to participate in the complained-of conduct in any fiduciary capacity. The scope of Empire's powers are set forth in the Administrative Services Agreement between Empire and St. Joseph's (the "ASA"). Under the ASA, Empire's fiduciary role is limited to the "authority to determine claims for benefits *under the Plan* as well as the authority to act as the appropriate fiduciary under Section 503 of ERISA to determine appeals of any adverse benefit determinations *under the Plan*." ESA 7. The ASA also makes clear that eligibility determinations, such as the one at issue in this case, are within the specific purview of St. Joseph's, not Empire: "Employer is responsible for determining eligibility of individuals and advising Empire in a timely manner . . . as to which employees, dependents, and other individuals are to be enrolled as

Members."  ESA 9.  Indeed, Plaintiffs themselves acknowledge that it was St. Joseph's, not Empire, that made the complained-of eligibility determination.  JA 15, 17, ¶¶ 21, 22, 29.  Having taken no fiduciary actions, Empire cannot now be held liable for breaching any ERISA fiduciary duties.[8]

### B.    The Plan Is Lawful In Any Event

Even if Empire's fiduciary role were not so limited, Appellants' claims cannot survive dismissal because the Plan is lawful.  As the District Court properly noted, ERISA "does not regulate the substantive content of welfare-benefit plans," and "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."  JA 9-10 (citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985); *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)).  Thus, "ERISA does not mandate that employers provide any particular benefits, and *does not itself proscribe discrimination in the provision of employee benefits*."  *Id.* (citing *Shaw v. Delta Airlines*, 463 U.S. 85, 97-98 (1983) (emphasis added)).  Because ERISA

---

[8] As noted in footnote 7, *supra*, "employers or other plan sponsors are generally free under ERISA, for any reason, at any time, to adopt, modify, or terminate welfare plans."  *Lockheed Corp.*, 517 U.S. at 890 (*quoting Curtiss-Wright Corp.*, 514 U.S. at 78).  As part of that right, "[w]hen employers undertake those actions, they do not act as fiduciaries, but are analogous to settlers of a trust."  *Lockheed Corp.*, 517 U.S. at 890.  Here, Appellants' claims amount to nothing more than challenges to the plan terms, as opposed to Appellees' conduct in administering and managing the plan.  Because the adoption of plan terms is not a fiduciary act, the decision to adopt the Plan Exclusion at issue here cannot give rise to fiduciary liability.

does not dictate the terms of benefits plans (or even prohibit discrimination in plan terms), the Plan here is lawful under ERISA regardless of the Plan Exclusion.

The holding in *United States v. Windsor*, 133 S. Ct. 2675 (2013) does not negate these principles or render the Plan unlawful, for the reasons set forth in Section II.B of St. Joseph's brief.

### C.    Because The Plan Is Lawful, Empire Was Required Under ERISA To Adhere To Its Terms

ERISA § 404(a) provides, in relevant part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]." 29 U.S.C. § 1104(a)(1) and (a)(1)(D). In other words, by "[t]he plain meaning of this provision," "if the terms of the plan documents and instruments are consistent with ERISA, a plan trustee has a fiduciary duty to adhere to those terms." *Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 185 (E.D.N.Y. 2005). Indeed, "[a]ccording to the Supreme Court, [Section 404(a)] is intended to *limit discretion* by providing fiduciaries with a straightforward rule where an issue is expressly covered by plan documents." *In re Beacon Assocs. Litig.,* 745 F. Supp. 2d 386, 419-420 (S.D.N.Y. 2010) (citing *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, (2009)) (emphasis added) (also noting that "[t]his rule

17

'forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule.'" (quoting *Curtiss-Wright Corp.,* 514 U.S. at 83)).

Appellants claim that Empire breached its duty of loyalty by putting its own interests ahead of the interests of Plan participants by "enforcing a discriminatory and unlawful plan provision..."  However, Appellants have not identified what self-interest Empire purportedly was promoting by enforcing the Plan provision at issue, and Appellants cannot establish that the Plan provision is "unlawful."

In fact, Appellants' argument that the Plan is "unlawful" amounts to nothing more than a failed attempt to fit a square peg in a round hole.  Appellants ask this Court to find that the Plan Exclusion violates New York's Marriage Equality Act, N.Y. DOM. REL. LAW § 10a(1) (2011), and therefore the enforcement of such an unlawful provision amounts to a breach of fiduciary duty.  They argue at length that, because ERISA is guided by state law in defining "marriage", the Plan must conform to the Marriage Equality Act in order to be lawful.  But despite the stridency of their argument, Appellants miss the point: this case has nothing to do with the *definition* of marriage.  While Appellants are legally married under New York law, it does not follow that they automatically are entitled to specific benefits under a self-funded ERISA health plan.

What Appellants are really trying to do is borrow the Marriage Equality Act's anti-discrimination protection and make it applicable to ERISA. ERISA's Preemption Clause, however, forecloses this argument. The Preemption Clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. §1144(a). As the Supreme Court has held, a state law "has an impermissible connection with ERISA plans…[when] the statute [] implicates an area of core ERISA concern." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147-148 (2001). The determination of who qualifies as a beneficiary under an ERISA plan is unquestionably "an area of core ERISA concern," which is controlled by the plan documents and not state law. *Id.* Therefore, state anti-discrimination laws that would restrict how employers structure their employee benefit plans are preempted insofar as they prohibit practices that are lawful under federal law. As set forth *supra*, Appellants have not identified any federal law that the Plan Exclusion violates. Thus, there can be no question that the terms of the Plan are lawful.

Because the Plan terms are consistent with ERISA and do not violate any applicable law, Empire was (and remains) strictly obligated to administer the Plan according to its terms – and the Complaint does not allege that Empire did otherwise. Accordingly, the District Court properly dismissed Appellants' breach of fiduciary duty claim against Empire.

19

## IV. THERE IS NO VIABLE GROUND FOR A PRELIMINARY INJUNCTION AGAINST EMPIRE

Because the District Court properly dismissed the Complaint, it also properly determined that Appellants' motion for injunctive relief, requiring St. Joseph's to provide same-sex spousal benefits coverage, was moot. Given the deficiencies of Appellants' claims, a motion for an injunction fails instantly because there is no possibility – let alone likelihood – of success on the merits.

However, even if the District Court had reached the merits of Appellants' motion, it still could not have granted an injunction as to Empire. By their motion, Appellants sought to compel Appellees to "suspend enforcement of their discriminatory policy" and "allow Plaintiffs the opportunity to enroll Jane Doe as Jane Roe's beneficiary spouse on the Plan." However, Empire, as an administrative services provider – and not the designer of the plan – simply is not authorized to provide that relief. Rather, Empire's role is limited to determining whether or not a person is eligible *under the terms of the Plan*. Accordingly, Appellants' request that this Court remand their motion should be denied as to Empire.

## **CONCLUSION**

For the foregoing reasons, the Court should affirm in its entirety the District Court's Order dismissing Appellants' claims with prejudice and deeming Appellants' motion for injunctive relief moot.

Dated:      New York, New York
              August 21, 2014

FOLEY & LARDNER LLP

/s/ Robert A. Scher
Robert A. Scher
Douglas S. Heffer
90 Park Avenue
New York, New York 10016
(212) 682-7474

Michael J. Tuteur
111 Huntington Avenue, Suite 2600
Boston, Massachusetts 02199

*Attorneys for Defendant Empire Blue Cross Blue Shield*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in <u>14-Point Times New Roman</u> proportional font and contains 5,153 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated:      New York, New York
            August 21, 2014

FOLEY & LARDNER LLP

<u>/s/ Robert A. Scher</u>
Robert A. Scher
Douglas S. Heffer
90 Park Avenue
New York, New York 10016
(212) 682-7474

Michael J. Tuteur
111 Huntington Avenue, Suite 2600
Boston, Massachusetts 02199

*Attorneys for Defendant Empire Blue Cross Blue Shield*